UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

MAGGIE THOMAS,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Maggie Thomas, sues Defendant, Carnival Corporation, and alleges:

### A. Summary of Case

1. This is a slip-and-fall negligence case brought by a cruise-ship passenger against a cruise line.

### B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Texas.
    (b) The Defendant is a corporation incorporated under the laws of the Republic of Panama, and its principal place of business is in Florida.
    (c) The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the United States District Court in Miami, Florida.

### C. Rule 9(h)(1) Designation

4. Because this accident occurred on a ship sailing in navigable waters and because the ship was engaged in an activity–pleasure cruising–bearing a substantial relationship to traditional maritime activity, the Plaintiff's claim for relief falls within the admiralty or maritime

jurisdiction and is governed by the general maritime law. But the claim also falls within the court's subject-matter jurisdiction on diversity-of-citizenship grounds (see paragraph no. 2, above), so the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (Although this claim is brought at law rather then in admiralty, it is still governed by the general maritime law.)

### D. Two Counts of Negligence

### Count 1
### Negligence: Slipping Hazard

5. On or about August 11, 2022, the Plaintiff was a fare-paying passenger on the *Carnival Breeze,* a cruise ship owned and operated by the Defendant.

6. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care.

7. At that time and place, near the Blue Iguana Cantina on or around deck 10, the Defendant's employee breached the duty of care to the Plaintiff when he failed to cordon off an area he was mopping–an area where passengers walk–and when he left that area wet and slippery.

8. At that time and place that employee was acting within the course and scope of his employment with the Defendant and so the Defendant is vicariously liable for that employee's negligence.

9. At that time and place, the Plaintiff exited a restroom and walked through the still-wet area that the Carnival employee had just mopped. The Plaintiff didn't realize that the floor she was walking on had just been mopped and was still wet and slippery until it was too late and she'd slipped and fallen.

10. At the moment the Plaintiff slipped and fell, the Defendant's employee was still mopping in that area and was obviously aware that the section of the floor he'd just mopped–the section where the Plaintiff slipped–was wet and slippery.

11. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

12. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

**Count 2**

**Negligence: Failure to Warn**

13. On or about August 11, 2022, the Plaintiff was a fare-paying passenger on the *Carnival Breeze,* a cruise ship owned and operated by the Defendant.

14. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care.

15. At that time and place, near the Blue Iguana Cantina on or around deck 10, the Defendant's employee breached the duty of care to the Plaintiff when he failed to warn the Plaintiff that he'd just mopped the floor and the floor was still wet and slippery.

16. At that time and place that employee was acting within the course and scope of his employment with the Defendant and so the Defendant is vicariously liable for that employee's negligence.

17. At that time and place, the Plaintiff exited a restroom and walked through the area that the Carnival employee had just mopped. The Plaintiff didn't realize that the floor she was walking on had just been mopped and was still wet and slippery until it was too late and she'd slipped and fallen.

18. At the moment the Plaintiff slipped and fell, the Defendant's employee was still mopping in that area and was aware that the section of the floor he'd just mopped–the section where the Plaintiff slipped–was wet and slippery.

19. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

20. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

### E. Request for Jury Trial

The Plaintiff respectfully demands a jury trial.

Dated: August 31, 2022

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Maggie Thomas